953 A.2d 1201

IN THE MATTERS OF TOMAR, SIMONOFF, ADOURIAN, O'BRIEN, KAPLAN, JACOBY & GRAZIANO, P.C. (D–67); MICHAEL A. KAPLAN (D–68); (ATTORNEY ID NO. 255291969) RONALD A. GRAZIANO (D–69); (ATTORNEY ID NO. 001521974) CHARLES H. RILEY (D–70); (ATTORNEY ID NO. 003711973) CYNTHIA ANN BRASSINGTON (D–71); (ATTORNEY ID NO. 012951993) DAVID T. JACOBY (D–72); (ATTORNEY ID NO. 283181972) ROBERT F. O'BRIEN (D–73); (ATTORNEY ID NO. 252081969) ALAN H. SKLARSKY (D–74); (ATTORNEY ID NO. 014041978) ROBERT

M. CAPUANO (D–75); (ATTORNEY ID NO. 022041977) HOWARD S. SIMONOFF (D–76); (ATTORNEY ID NO. 207151961) EDWARD N. ADOURIAN, JR. (D–77); (ATTORNEY ID NO. 207441961) ALFRED P. VITARELLI (D–78); (ATTORNEY ID NO. 005791977) AND CHARLES L. WINNE (D–79), (ATTORNEY ID NO. 014881975), ATTORNEYS AT LAW.

July 23, 2008.

## O R D E R

The Disciplinary Review Board having filed with the Court its decision in DRB 04–186, 04–187, 04–275, 07–015, 07–016, 07–018, 07–019, 07–020, 07–021, 07–022, 07–023, and 07–024, concluding that

■ (1) the defunct law firm of **TOMAR, SIMONOFF, ADOURIAN, O'BRIEN, KAPLAN, JACOBY & GRAZIANO, P.C.,** formerly of **CHERRY HILL, CAMDEN AND NORTHFIELD, NEW JERSEY, AND WILMINGTON, DELAWARE,** should be censured for violating *RPC* 5.1(a) (failure to satisfy responsibilities of law firms), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper compensation for recommendation or securing lawyer's employment), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and,

■ (2) **MICHAEL A. KAPLAN,** of **MARLTON,** who was admitted to the Bar of this State in 1969, should be suspended from the practice of law for a period of one year for violating *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.3(b) (failure to directly supervise conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and,

■ (3) **RONALD A. GRAZIANO,** of **CHERRY HILL,** who was admitted to the Bar of this State in 1974, should be suspended

from the practice of law for a period of one year for violating *RPC* 1.15(a) (failure to safeguard client funds), *RPC* 3.3(a)(5) (failure to disclose a material fact to a tribunal), *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.3(b) (failure to directly supervise conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (engaging in conduct prejudicial to the administration of justice); and,

■ (4) **CHARLES H. RILEY,** of **CHERRY HILL,** who was admitted to the Bar of this State in 1973, should be suspended from the practice of law for a period of six months for violating *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.3(b) (failure to directly supervise conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

■ (5) **CYNTHIA ANN BRASSINGTON,** of **LINWOOD,** who was admitted to the Bar of this State in 1993, should be reprimanded for violating *RPC* 1.15 (failure to safeguard funds; recordkeeping), *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and

■ **DAVID T. JACOBY,** of **CHERRY HILL,** who was admitted to the Bar of this State in 1972, should not be disciplined for violating *RPC* 5.3(a) (failure to adopt and maintain reasonable

efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(7) **ROBERT F. O'BRIEN,** of **NORTHPIELD,** who was admitted to the Bar of this State in 1969, should not be disciplined for violating *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(8) **ALAN H. SKLARSKY,** of **CHERRY HILL,** who was admitted to the Bar of this State in 1978, should not be disciplined for violating *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(9) **ROBERT M. CAPUANO,** of **MARLTON,** who was admitted to the Bar of this State in 1977, should not be disciplined for violating *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(10) **HOWARD S. SIMONOFF,** formerly of **CHERRY HILL,** who was admitted to the Bar of this State in 1961, should not be disciplined for violating *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(11) **EDWARD M. ADOURIAN, JR.,** formerly of **CHERRY HILL,** who was admitted to the Bar of this State in 1961, should not be disciplined for violating *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(12) **ALFRED P. VITARELLI,** of **HADDONFIELD,** who was admitted to the Bar of this State in 1977, should not be disciplined for violating *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers), *RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct); and

(13) **CHARLES L. WINNE,** of **MT. LAUREL,** who was admitted to the Bar of this State in 1975, should not be disciplined for violating *RPC* 5.1(c)(1) (ordering or ratifying another lawyer's conduct), *RPC* 5.3(a) (failure to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers),

*RPC* 5.4(a) (prohibited fee sharing), *RPC* 7.3(d) (improper fee sharing), *RPC* 8.1(b) (failure to disclose fact necessary to correct misapprehension), *RPC* 8.3(a) (failure to report professional misconduct of another), and *RPC* 8.4(a) (engaging in or knowingly assisting or inducing professional misconduct);

And **MICHAEL A. KAPLAN, RONALD A GRAZIANO, CHARLES H. RILEY, CYNTHIA ANN BRASSINGTON, DAVID T. JACOBY,** and **ROBERT F. O'BRIEN** having been ordered to show cause why each of them should not be disbarred or otherwise disciplined;

And **ALAN H. SKLARSKY, ROBERT M. CAPUANO, HOWARD S. SIMONOFF, EDWARD N. ADOURIAN, JR., ALFRED P. VITARELLI,** and **CHARLES L. WINNE** having consented to the imposition of a reprimand as the appropriate measure of discipline;

And the Court having determined that no complaint was filed against the defunct law firm of **TOMAR, SIMONOFF, ADOURIAN, O'BRIEN, KAPLAN, JACOBY & GRAZIANO, P.C.;**

And the Court having determined further that the determination of the Disciplinary Review Board that **RONALD A. GRAZIANO** violated *RPC* 1.15(a) (failure to safeguard client funds) should be vacated;

And the Court having determined further that, in all other respects, the conclusions of the Disciplinary Review Board in respect of the misconduct alleged against each respondent are supported by clear and convincing evidence;

And the Court having determined further that the misconduct of each of **MICHAEL A. KAPLAN, RONALD A. GRAZIANO,** and **CHARLES H. RILEY** warrants the imposition of suspensions from the practice of law but that, because of the extraordinary delay, for which respondents, in the main, were not responsible, in the investigation, prosecution, and resolution of these matters, their otherwise unblemished careers as attorneys, and their exemplary service to the community, the term of suspension

should be suspended and each of them placed on probation as herein set forth;

And good cause appearing;

It is ORDERED that the censure against the defunct law firm of **TOMAR, SIMONOFF, ADOURIAN, O'BRIEN, KAPLAN, JACOBY & GRAZIANO, P.C.** is hereby vacated; and it is further

ORDERED that the imposition of a one-year suspension of MICHAEL A. KAPLAN from the practice is hereby suspended; that **MICHAEL A. KAPLAN** is placed on probation for a period of one year, commencing as of the date of this Order, with the condition that he remain free of any further charges of misconduct; and that, on satisfactory completion of the terms of probation, his probation shall be discharged; and it is further

ORDERED that the imposition of a one-year suspension of **RONALD A, GRAZIANO** from the practice is hereby suspended; that **RONALD A. GRAZIANO** is placed on probation for a period of one year, commencing as of the date of this Order, with the condition that he remain free of any further charges of misconduct; and that, on satisfactory completion of the terms of probation, his probation shall be discharged; and it is further

ORDERED that the imposition of a six-month suspension of **CHARLES H. RILEY** from the practice is hereby suspended; that **CHARLES H. RILEY** is placed on probation for a period of six months, commencing as of the date of this Order, with the condition that he remain free of any further charges of misconduct; and that, on satisfactory completion of the terms of probation, his probation shall be discharged; and it is further

ORDERED that each of **CYNTHIA ANN BRASSINGTON, DAVID T. JACOBY, ROBERT F. O'BRIEN, ALAN H. SKLARSKY, ROBERT M. CAPUANO, HOWARD S. SIMONOFF, EDWARD N. ADOURIAN, JR., ALFRED P. VITARELLI,** and **CHARLES L. WINNE** is hereby reprimanded; and it is further

ORDERED that the entire record of this matter be made a permanent part of each respondent's file as an attorney at law of this State; and it is further

ORDERED that each respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and disciplinary expenses actually incurred in the investigation and prosecution of this matter, as provided in *Rule* 1:20-17.

Chief Justice RABNER and Justices LONG, LaVECCHIA, WALLACE, RIVERA-SOTO and HOENS join in the Court's Order. Justice ALBIN did not participate.