[926 NYS2d 147]

In the Matter of RONALD A. GRAZIANO, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, June 28, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel),
for petitioner.

*Ronald A. Graziano*, Cherry Hill, N.J., respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The application by the petitioner, the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee), to impose reciprocal discipline is predicated upon an order of the Supreme Court of New Jersey dated July 23, 2008 (196 NJ 352, 953 A2d 1201 [2008]), which suspended the respondent from the practice of law in New Jersey, suspended the suspension, and placed the respondent on probation for a period of one year, commencing as of the date of the order, with the condition that he remain free of any further charges of misconduct. The respondent failed to notify this Court that he had been disciplined in a foreign jurisdiction, as required by 22 NYCRR 691.3 (e), until he submitted an attorney information form, in connection with an unrelated matter, dated August 10, 2010.

The respondent was personally served with written notice pursuant to 22 NYCRR 691.3 and Judiciary Law § 90 (6) on October 27, 2010. He served a verified statement pursuant to 22 NYCRR 691.3 (c) (3) dated November 10, 2010, in which he did not raise any of the enumerated defenses to discipline or demand a hearing. Rather, the respondent requested that the Court consider, in mitigation, the affidavit and business letters he submitted in New Jersey regarding his "unblemished career and . . . exemplary service to the community." Thus, there is no impediment to the imposition of reciprocal discipline at this juncture.

The New Jersey order reflects that the respondent participated in prohibited fee-sharing, whereby nonlawyer employees of his now-defunct law firm received shares of legal fees, classified as "bonuses," when they referred cases to the firm. In addition, the respondent gave less-than-candid testimony about the fee-sharing at an administrative hearing before the New Jersey Department of Labor and Workforce Development, Division of Wage and Hour Compliance, which created a "misapprehension" by the tribunal as to the payment of said "bonuses." The respondent failed to take action to correct the tribunal's "misapprehension." Similar "dissembling" was noted in connection with the respondent's disciplinary proceeding. Finally, the respondent failed to exercise appropriate oversight over firm finances, resulting in the director of administration, and other staff, misappropriating more than $2 million of fiduciary funds.

The respondent was ultimately found guilty of violating New Jersey Rules of Professional Conduct rules 3.3 (a) (5) (failing to disclose a material fact to a tribunal); 5.1 (c) (1) (ordering or ratifying another lawyer's conduct); 5.3 (a) (failing to adopt and maintain reasonable efforts concerning conduct of retained or employed nonlawyers); 5.3 (b) (failing to directly supervise conduct of retained or employed nonlawyers); 5.4 (a) (engaging in prohibited fee sharing); 7.3 (d) (engaging in improper fee sharing); 8.1 (b) (failing to disclose fact necessary to correct misapprehension); 8.3 (a) (failing to report professional misconduct of another); 8.4 (a) (engaging in or knowingly assisting or inducing professional misconduct); 8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4 (d) (engaging in conduct prejudicial to the administration of justice).

Inasmuch as the respondent asserted none of the enumerated defenses to the imposition of reciprocal discipline, the Grievance Committee's application is granted and the respondent is suspended from the practice of law for a period of one year nunc pro tunc to August 10, 2010, the date on the attorney information form completed by the respondent in connection with an unrelated matter, in which he discloses his New Jersey suspension.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the Grievance Committee's application to impose discipline in New York is granted; and it is further,

Ordered that the respondent, Ronald A. Graziano, is hereby suspended from the practice of law for a period of one year nunc pro tunc to August 10, 2010, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement after the expiration of the one-year period of suspension, upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law in New York, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Ronald A. Graziano, shall desist and refrain from

(1) practicing law in New York in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law in New York before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to New York law or its application or any advice in relation thereto, and (4) holding himself out in any way as a New York attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ronald A. Graziano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).